M. GRAU E HIJOS, Plaintiff and Appellant, v. THE PEOPLE OF PUERTO RICO, Defendant and Appellee.

No. 6910. Argued February 21, 1936.—Decided February 19, 1937.

*José Sabater* for appellant. *B. Fernández García, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

■ This was a case decided adversely to the plaintiff on a demurrer to the complaint by the District Court of Mayagüez, and hence the recited facts must be taken as true. It was conceded that the plaintiff could not amend. M. Grau e Hijos was a duly organized firm located in Mayagüez. It owned a certain building fully described in the complaint and alleged that certain parts of the building were destroyed by an explosion and consequent fire and that the damages to the plaintiff amounted to $3,844.12.

■ Now there can be no doubt that the explosion and the consequent fire were the result of powder or other explosives stored in a contiguous building leased by the National Guard. The complaint avers and the court could of course take judicial notice that the National Guard is a body organized by the Legislature of Puerto Rico to perform certain duties, and likewise there can be no question that the officers of the National Guard have power to rent buildings for the storing of the explosive materials that they may need.

■ Originally, M. Grau e Hijos presented a claim against the People of Puerto Rico of which the complaint was dismissed on the ground that there was no authority to sue the People of Puerto Rico on the grounds alleged in the complaint. Subsequently the Legislature passed an act author-

14

izing the plaintiff to bring this suit against the People of Puerto Rico.

We may say here that this act did not impose a liability on the People of Puerto Rico that otherwise it would not have had. It merely gave M. Grau e Hijos a remedy, if the People of Puerto Rico had any substantive liability. That the exemption from suit is substantive rather than the lack of remedy appears clearly in *Riddoch* v. *State*, 68 Wash. 329, 42 L.R.A. (N.S.) 251, and the cases therein cited.

■■ The principal controversy in this case is whether the National Guard could be considered a special agent within the terms of section 1803 of the Civil Code (1930 ed.) as follows:

"The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on his death or incapacity the mother, is liable for the damages caused by the minors who live with them.

"Guardians are liable for the damages caused by minors or incapacitated persons who are under their authority and live with them.

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties.

"The State is liable in this sense when it acts through a special agent, but not when the damage should have been caused by the official to whom properly it pertained to do the act performed, in which case the provisions of the preceding section shall be applicable.

"Finally, masters or directors of arts and trades are liable for the damages caused by their pupils or apprentices while they are under their custody.

"The liability referred to in this section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

The plaintiff maintains that the National Guard is not an ordinary executive department of the Government and hence must be a special agent.

Conceding to the plaintiff that the National Guard is not an ordinary executive agent of the Government as might be said of any other of the departments, nevertheless, the question of executive *vel non* is not decisive of the case. There might be a number of regular agencies of the Government that could not distinctly be called executive departments. Perhaps the police corps is an example. The fact is that the National Guard now performs a permanent function under the Government of Puerto Rico. Ordinarily it meets and performs military exercises without performing any other useful duty to the People of Puerto Rico. Nevertheless, it exists to meet emergencies in crisis and can be and is diverted to aid the people when cyclones happen unfortunately not of rare occurrence in Puerto Rico. (See *Herlihy* v. *Donohue,* 161 Pac. 164, 166.)

The acts of the Department of the Interior, perhaps even of the Treasury Department, are not totally distinct in their nature.

The appellant does not convince us that the *"Guardia Nacional"* is such a special agent as to fall under the provisions of section 1803, *supra.* Therefore, the case reduces itself to the ordinary liability of the Government for the acts of its authorized agents. Immunity of the Government for these acts is practically absolute and liability only exists when the Government chooses to recognize it. *Merritt* v. *Philippines,* 34 Phil. Rep. 311. This can only be done by legislation and perhaps the plaintiff ought to have a remedy from the Legislature.

The plaintiff also lays some stress on the fact that the People of Puerto Rico rented this neighboring building, but such renting done by the officers of the National Guard similarly put no liability on the People of Puerto Rico. The People is still not responsible for the acts of agents who are not special within the tenor of section 1803.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.